EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
24SC-1548-A
Judge James A Dunn
JUL 16, 2024 07:39 AM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| LATOYA GONZALES,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC. and JOHN DOES 1 – 3,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. __________<br><br>**JURY TRIAL DEMANDED**<br>**SERVED WITH DISCOVERY** |

**COMPLAINT FOR PERSONAL INJURY AND DEMAND FOR A TRIAL BY JURY**

**COMES NOW**, Plaintiff Latoya Gonzales, by and through her counsel, and files this Complaint against Defendant Walmart INC. and Defendant John Does 1-3 (hereinafter collectively referred to as "Defendants"), showing the Court and Jury as follows:

**PARTIES, JURISDICTION AND VENUE**

1.

Plaintiff Latoya Gonzales (hereinafter referred to as "Plaintiff") is a resident of Gwinnett County in the State of Georgia.

2.

Upon information and belief, Defendant Walmart INC. (hereinafter referred to as "Defendant Walmart"), is a corporation authorized to transact business in the State of Georgia. Said defendant may be served by service upon its registered agent, to wit: The Corporation System, 410 Peachtree Parkway, Suite 4245, Cumming, GA 30041.

3.

Defendant John Doe 1 (hereinafter referred to as "Defendant Doe") is the manager employed by Defendant Walmart who is responsible for maintenance and upkeep of Walmart store located at 4221 Athens Hwy, Loganville, Georgia 30052. The identity of Defendant Doe is

unknown to Plaintiff at this present time. Plaintiff will amend his pleadings upon learning the identity of Defendant Doe in the course of discovery.

4.

Furthermore, Plaintiff has listed Defendant John Does 2 – 3 to include any entities and/or individuals whose true names or capacities are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names given their involvement in the subject matter. Plaintiff will amend the Complaint to show said Defendants' true names when such have been ascertained.

5.

The subject incident occurred on the Walmart premises located at 4221 Athens Hwy, Loganville, Georgia 30052.

6.

Defendants are subject to the jurisdiction and venue of this Court.

**FACTUAL BACKGROUND**

7.

On or about July 31, 2022, Plaintiff entered Walmart Supercenter Store 5252 located at 4221 Athens Hwy, Loganville, Georgia 30052 (hereinafter "the Premises") as an invitee to shop.

8.

While shopping on the Premises on this date, Plaintiff was traversing through an isle of the Premises when she suddenly and unexpectedly slipped and fell on a foreign substance located on the Premises' floor.

9.

Upon slipping on the foreign substance, Plaintiff fell to the ground, sustaining injuries as a result.

10.

There were no cones, markers, or warning signs alerting store patrons of the hazardous condition then existing on the floor.

11.

At the aforesaid time and place, Plaintiff suffered a fall due to what appeared to be a slippery substance unattended on the floor of the Premises, thereby creating a hazardous condition.

12.

At all times material to this action, the Premises were owned, controlled, and maintained by Defendants.

13.

At all times relevant to this action, Defendant Doe was employed by Defendant Walmart. Defendant Doe managed the Premises on behalf of Defendant Walmart, and was responsible for the maintenance, operation, and safety of the Premises.

**COUNT ONE – NEGLIGENCE**

14.

Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

15.

Pursuant to O.C.G.A. § 51-3-1, Defendants as owners or occupiers of land owed a duty to Plaintiff as invitee to exercise ordinary care in keeping the premises safe.

16.

Defendants negligently, recklessly and/or wantonly caused or allowed a hazard to remain in an area that was used by its invitees.

17.

At the aforesaid time and place, Defendant Walmart was the owner or lessee of the Premises and as such had a duty and responsibility to provide Plaintiff a safe place as an invitee. Further, if any defects in their owned or leased premises existed, Defendants had the duty to warn its invitees of hazards of which it knew or should have known that were not easily discoverable by the invitees. Said Defendants negligently, wantonly, recklessly and/or willfully breached these duties by failing to provide Plaintiff with a safe place as in invitee and by failing to warn the Plaintiff of the hazard and/or defect which was encountered which was known to Defendants or which Defendants negligently failed to detect in their use, operation and maintenance of and upon the premises. Said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

18.

Defendant Walmart was the owner or lessee of the Property and, as such, said Defendant Walmart had the right to and did control the conditions, methods and manner in which the premises was inspected, maintained and configured. Defendants also controlled the inspecting and maintaining of said invitee areas and Defendants are also responsible for establishing patterns and routes for its invitees to walk and/or travel around and about the premises at the time and place of the occurrence made the basis of Plaintiff's complaint. Defendants negligently and/or wantonly caused or allowed Plaintiff to be injured as a result of the breach of the duties that the aforementioned Defendants owed to Plaintiff in causing or allowing the Premises upon which Plaintiff was injured to be unreasonably hazardous or by ignoring the present hazard or creating the hazard by their process of organizing, cleaning, polishing, etc. Said Defendant negligently, wantonly, recklessly and/or willfully failed to properly control the conditions, methods and manner

in which the floor was maintained and presented to the invitees for their use in ambulating and/or traveling about the store as invitees moved about the premises and said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

19.

Plaintiff avers that Defendants negligently, wantonly, recklessly, purposely, intentionally, willfully or by design caused injury to Plaintiff. Defendants negligently, wantonly, recklessly and/or willfully caused or allowed the hazardous condition to remain in a foreseeably traveled area in a main travel area and failed to remedy the hazardous situation and/or address the unreasonably dangerous area, and said Defendants had actual knowledge of the hazardous condition or said hazardous condition had existed for such an unreasonable length of time so as to create a presumption of knowledge of such hazardous area on the part of said Defendants.

20.

At the aforesaid time and place, Defendants did negligently, wantonly, and/or willfully cause or negligently, wantonly and/or willfully allowed Plaintiff to be injured.

21.

Defendants negligently, wantonly and/or willfully failed to warn Plaintiff of the dangers associated with the potentially hazardous area for the purpose of eliminating the possibility of said Plaintiff being injured, and said negligent, wanton and/or willful conduct was a proximate cause of Plaintiff's injuries as described herein.

22.

Plaintiff alleges that the injuries and damages were caused as a proximate consequence of the negligent, willful and/or wanton conduct and other wrongful conduct of Defendants.

23.

The aforesaid wrongful, negligent, willful and/or wanton conduct of each of the above-described Defendant(s) combined and concurred, and as a proximate cause thereof, Plaintiff was caused to be severely injured.

24.

As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as described herein.

**COUNT TWO – NEGLIGENT, RECKLESS, AND WANTON SUPERVISION AND TRAINING**

25.

Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

26.

As described in the Factual Background above, on the date in question when Plaintiff was an invitee of the Premises, Plaintiff suffered an injury resulting from a hazardous condition at the Premises.

27.

Defendants were under an obligation and duty to train and supervise their employees to properly inspect the foreseeably accessible areas for their invitees so that there are no dangerous conditions which were not readily discoverable to their invitees.

28.

Defendants negligently, wantonly, and recklessly failed to properly train employees to inspect and to keep the property and/or premises free and clear of dangerous conditions.

Defendants failure to properly train its employees directly resulted in Plaintiff's injuries as described herein.

29.

As a direct and proximate consequence of Defendants' negligent, reckless and wanton training and supervision, Plaintiff was injured and damaged as described above, herein.

## DAMAGES

30.

Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

31.

As a direct and proximate result of Defendants' negligent acts and/or omissions, Plaintiff incurred special damages, including medical expenses. Specifically, Plaintiff has incurred over $217,367.85 in medical damages to date.

32.

As a direct and proximate result of Defendants' negligent acts and/or omissions, Plaintiff suffered general damages for pain, suffering, mental anguish, and loss of enjoyment of life in an amount to be determined by the enlightened consciousness of the jury.

**WHEREFORE**, Plaintiff prays as follows:

(a) That process issue and Defendants be served according to law;

(b) That Plaintiff has a trial by jury of her peers;

(c) That Plaintiff has a judgment against Defendants for all damages allowed under Georgia law and in an amount to be proven at the time of trial;

(d) That the costs of the within action be cast upon the Defendants; and

(e) Such other, further and different relief as allowed by Georgia law and as this Court and jury deem just and appropriate.

This 15th day of July, 2024.

Respectfully Submitted,

*/s/ Jeffrey James*

Jeffrey James
Georgia Bar No. 860891
J. ROSS MASSEY
Georgia Bar No. 788136
*Counsels for Plaintiff*

MASSEY LAW GROUP
1374 South Milledge Avenue
Athens, GA 30605
(762) 255-1726| Telephone
(706) 355-6004| Fax
sahmed@masseylegal.com
rmassey@masseylegal.com

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
24SC-1548-A
Judge James A Dunn
JUL 16, 2024 07:39 AM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| LATOYA GONZALES,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC. and JOHN DOES 1-3,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. ___________<br><br>**SERVED WITH COMPLAINT** |

**PLAINTIFF'S REQUEST FOR ADMISSIONS, FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALMART INC.**

## I. INTRODUCTION

Pursuant to O.C.G.A. § 9-11-33, you are requested and instructed to answer the following Admissions and Interrogatories, separately and fully in writing under oath, and to serve your answer upon counsel for Plaintiff, J. Ross Massey, Esq. and Jeffrey G. James, Esq., Massey Law Group, LLC, 1374 S. Milledge Avenue, Athens, GA 30605, (706) 204-2010 within forty-five (45) days after service pursuant to O.C.G.A. § 9-11-33.

These Interrogatories shall be continuing in nature and therefore according to the rules of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(e), after you have responded to Interrogatories, you continue to be under a duty to supplement those Interrogatories to include information thereafter acquired with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters and the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony. Furthermore, you are under a continuing duty seasonably to amend a

prior response if you obtain information upon the basis of which you know that the response was incorrect when made or you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment. In addition to the above, a further duty to supplement responses may be imposed on you by agreement of the parties or at any time prior to trial through new requests for supplementation of prior responses. O.C.G.A. § 9-11-26(e) as amended.

If you object to any portion of any interrogatory, answer such interrogatory fully to the extent that such objection does not apply. If you are unable to give an exact date or amount, please give the best approximate date or amount which can be provided. If you are unable to answer any part of any Interrogatory, answer the remaining parts as fully as possible and specify which part or parts you are unable to answer and why.

## II. INSTRUCTIONS

Objections Based on Privilege. In the event that any documents or things requested herein are withheld under a claim of privilege, please provide the following information with respect to each such document or thing:

(a) The type of document or thing, its general subject matter, and the place and approximate date it was prepared or created;

(b) The name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

(c) The type of privilege claimed;

(d) A statement of the circumstances which bear on whether or not the claim or privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the document or thing;

(e) The number of each specific document request to which the withheld document is responsive; and

(f) If privilege is claimed as to any document otherwise covered by this request for production, Plaintiff requests that each document as to which privilege is claimed be identified in a manner such that the court may determine whether or not such document is entitled to be accorded privileged status.

Documents No Longer in Possession. If any document within the scope of a document request was at one time in existence and under Defendant's possession, custody, or control, but has been lost, discarded, or destroyed, or has been removed from Defendant's possession, custody, or control, then with respect to each such document:

(a) Identify and describe such document by date, title, and type of document;

(b) State when each such document was most recently in the possession or subject to the control of Defendant and what disposition was made of such document, including an identification of the person, if any, presently in possession or control of such document;

(c) State when such document was transferred or destroyed, identify the person who transferred or destroyed such document, the persons who authorized or directed that the document be transferred or destroyed or having knowledge of its transfer or destruction, and state the reason such document was transferred or destroyed; and

(d) Identify all persons having knowledge of the contents thereof.

Organization of Documents. All documents produced in response to this request shall be organized and labeled to correspond with the number of the document request to which the documents are responsive.

## III. REQUESTS FOR ADMISSIONS

1.

You have been correctly named in the present cause insofar as the legal designation of your name is concerned.

2.

You have been properly served as a party Defendant.

3.

Service of process is sufficient with regard to you in this case.

4.

The State Court of Forsyth County has jurisdiction over the subject matter of this case.

5.

The State Court of Forsyth County has personal jurisdiction over you as a party Defendant in this case.

6.

Venue is proper in the State Court of Forsyth County.

7.

The Complaint states a claim upon which relief can be granted.

8.

Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

9.

On or about July 31, 2022, Defendant owned the premises of Walmart Supercenter Store 5252 located at 4221 Athens Hwy, Loganville, Georgia 30052 (hereinafter "the Premises").

10.

On or about July 31, 2022, Defendant operated the Premises.

11.

On or about July 31, 2022, Defendant managed the Premises.

12.

On or about July 31, 2022, Defendant was responsible for inspecting and/or maintaining the condition of the Premises.

13.

Admit that Defendant hired no other company, person or business to assist with the training of its employees located at the Premises.

14.

Admit that on or about July 31, 2022, Plaintiff was an invitee at the Premises.

15.

Admit that on this date, Plaintiff slipped on a foreign substance on the floor of the Premises.

16.

Admit that on or about July 31, 2022, Defendant had a duty to ensure the Premises was safe from hazards for its residents and invitees.

17.

Admit that on or about July 31, 2022, Defendant(s) breached its duty to Plaintiff to ensure the Premises was safe from hazards for its customers and invitees.

18.

On or about July 31, 2022, guests of the Premises, including but not limited to the Plaintiff, were not given any warning that a hazardous condition existed.

19.

You have no knowledge of the extent of injuries sustained by Plaintiff in this case.

## IV. REQUESTS FOR INTERROGATORIES

## INTERROGATORIES

1. Are you named correctly in the Complaint? If not, how should you be correctly designated in an action at law?

2. Please identify by name and address the individual responsible for answering these Interrogatories.

3. Have you been advised that these Interrogatories and the accompanying Requests for Production are required to be answered under oath?

4. Please identify each expert that you plan on having testify at the trial of this cause, including any and all medical experts. Additionally, please give a summary of the opinions which you expect each expert to testify at trial in compliance with Rule 26 and state in detail each and every fact upon which said expert reviewed prior to forming said opinions.

5. Please identify who will serve as the representative of the Defendant at counsel table in the event this matter is tried before a finder of fact.

6. Identify the insurance carrier and state the policy limits of each and every liability policy of insurance which will or may provide any coverage for Defendant arising out of the incident made the basis of this lawsuit.

7. For all documents withheld from identification and/or production based upon only theory of privilege or other objection to any of Plaintiff's discovery requests served in this lawsuit, describe said document with particularity (i.e. – give a description of the document, state when the document was generated and state the subject matter of the document).

8. Who – whether and individual or business entity – owns the premises where said incident occurred?

9. Does a third-party, other than named in the Complaint or response to the previous question, operate, clean, care for, or maintain the premises where said incident occurred? If so, please name said third-party.

10. Please state the most current information regarding the name, address and telephone number of every employee, including their job title/description, who worked on the date of incident per Plaintiff's Complaint as the location in question.

11. Please list and identify each employee of Defendant who has knowledge, in any way, of the incident made the basis of this suit.

12. Please identify each person – other than employees named above – who has knowledge concerning the facts surrounding the incident made the basis of this suit.

13. Was the Defendant or any of the Defendant's employees ever made aware of the hazard alleged by the Plaintiff, including any reports made by other previous invitees? If so, please list the names of those employees who were aware, when they were made aware, and the basis of how they became aware of the hazard.

14. Please state in detail your knowledge, as well as each and every employee's knowledge, concerning the presence of the alleged clothing rack in question which Plaintiff encountered, including how long it existed and how it got there.

15. Please state in detail each and every fact known to you, or made known to you through third parties, concerning how the incident made the basis of this suit occurred and identify each said person.

16. Please state precisely and descriptively the location on the premises where the event made the basis of this suit occurred.

17. Please state whether you had any signs posted which warned of a potential hazard in the vicinity where Plaintiff was injured.

18. If you contend that warning signs were posted, please state the substance and location of each sign.

19. If you contend that Plaintiff was contributorily negligent in any manner whatsoever, please state each and every fact upon which you rely in support of said contention.

20. If you contend that Plaintiff assumed the risk of said injuries, please state each and every fact upon which you rely in support of said contention.

21. If you contend the hazard encountered by the Plaintiff was open and obvious, then please state each and every fact upon which you rely.

22. Please state whether you have any policy, procedure or safety program instituted regarding maintaining a safe condition at the premises where Plaintiff was injured, including maintenance and monitoring of these areas where guests or invitees would navigate. If so, please state the substance of said policy, procedure or safety program.

23. Please state if a video of the Plaintiff's alleged incident exists, ***or ever existed***, and who has viewed said video as well as who possesses the video at this time.

24. Please state if a photos of the area where the alleged incident occurred exist, ***or ever existed***, and who has viewed said photos as well as who possesses the photos at this time.

25. Please identify each person from which you have obtained a statement concerning the incident made the basis of this lawsuit.

26. Please state whether a displaced substance and/or object was located where Plaintiff was injured, immediately prior to the incident made the basis of this lawsuit.

27. If a displaced substance and/or object was located upon the floor, please state what steps, if any, you (or the Defendant's employees) took to clear the object/substance from the area and identify the individual responsible for performing the task.

28. Please identify the object and all you have learned about its condition and any prior knowledge of it being faulty as alleged by Plaintiff.

## V. REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Please produce a complete and accurate copy of any and all accident and/or incident reports concerning the incident made the basis of this suit, in addition to any and all documentation of the events surrounding the incident made the basis of this suit.

2. Please produce a complete and accurate copy of any security and/or surveillance video which captured and/or recorded the incident made the basis of this suit.

3. Please produce a copy of any still color photographs which depict the area of the hazard and/or the incident made the basis of this suit.

4. Please produce a copy of any still color photographs taken of Plaintiff at any time since the incident that is the basis of this suit.

5. Please produce a complete and accurate copy of any policy, procedure or safety program in place at the time of the incident made the basis of this suit, regarding the maintenance of floors, walk-ways, clothing racks and shelving within Defendant's facility, including but not limited to Defendant's facility where the incident made the basis of this suit occurred, to ensure a safe condition.

6. Please produce a complete and accurate copy of any and all documents, color photographs and/or videotapes that you intend to introduce into evidence at the trial of this case.

7. Please produce a complete and accurate copy of the time sheets, punch cards or other method for accounting for your employees present and for their time worked on the date of the subject incident referenced in the Complaint.

8. Please produce a complete and accurate transcript of any statements obtained from Plaintiff.

9. Please produce a complete and accurate transcript of any statements obtained by you, or on your behalf, concerning the subject litigation.

10. Please produce a complete and accurate transcript of any correspondence between you and Plaintiff, or Plaintiff's representatives, occurring before Plaintiff filed this lawsuit.

11. Please produce the entire file of any expert that you intend to call to testify at the trial of this case.

12. Please produce a current *curriculum vitae* of any expert that you intend to call to testify at the trial of this case.

13. Please produce a list of each litigation case in which your expert has rendered an opinion or given sworn testimony in the past five (5) years.

14. Please produce a complete and accurate copy of any and all policies of insurance which will or may provide coverage to this Defendant in the subject litigation.

15. Please produce a copy of all records obtained regarding Plaintiff. [You have a continuing duty to supplement this Request. Additionally, please consider this a formal request for all records obtained through non-party requests and subpoenas].

This 15th day of July, 2024.

Respectfully Submitted,

*/s/ Jeffrey James*

Jeffrey James
Georgia Bar No. 860891
J. ROSS MASSEY
Georgia Bar No. 788136
*Counsels for Plaintiff*

MASSEY LAW GROUP
1374 South Milledge Avenue
Athens, GA 30605
(762) 255-1726| Telephone
(706) 355-6004| Fax
sahmed@masseylegal.com
rmassey@masseylegal.com

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

| | |
|---|---|
| LATOYA GONZALES,<br><br>Plaintiff,<br>v.<br><br>WALMART INC. and<br>JOHN DOES 1-3,<br><br>Defendants. | Civil Action File No.<br>24SC-1548-A |

______________________________________________/

ANSWER OF DEFENDANT

COMES NOW, Defendant WALMART INC. and makes this Answer to Plaintiff's Complaint as follows:

FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to

herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

SIXTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendant admits the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's

Complaint.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendant denies the allegations contained in paragraph 6 of the Plaintiff's Complaint. Jurisdiction and venue are now proper in the United States District Court, Northern District of Georgia, Gainesville Division.

7.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's

Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendant hereby realleges and re-avers all of the answers contained in the preceding paragraphs of this Answer the same as if here again set out in both letter and number.

15.

Defendant denies the allegations contained in paragraph 15 of the Plaintiff's

Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24.

Defendant denies the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25.

Defendant hereby realleges and re-avers all of the answers contained in the preceding paragraphs of this Answer the same as if here again set out in both letter and number.

26.

Defendant denies the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

Defendant denies the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28.

Defendant denies the allegations contained in paragraph 28 of the Plaintiff's Complaint.

29.

Defendant denies the allegations contained in paragraph 29 of the Plaintiff's Complaint.

30.

Defendant hereby realleges and re-avers all of the answers contained in the preceding paragraphs of this Answer the same as if here again set out in both letter and number.

31.

Defendant denies the allegations contained in paragraph 31 of the Plaintiff's Complaint.

32.

Defendant denies the allegations contained in paragraph 32 of the Plaintiff's Complaint.

33.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

34.

Defendant denies Plaintiff's prayer for relief, including subparagraphs (a), (b), (c), (d) and (e) thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Danyelle J. Dukes
Georgia Bar No. 102953
Attorneys for Defendant
WALMART INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com
ddukes@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WALMART INC. has this day been filed and served upon opposing counsel via Peach Court E-File.

This the 23rd day of August, 2024.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Danyelle J. Dukes
Georgia Bar No. 102953
Attorneys for Defendant
WALMART INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com
ddukes@mmatllaw.com

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

LATOYA GONZALES,

Plaintiff,

v.

WALMART INC. and
JOHN DOES 1-3,

Defendants.

______________________________/

Civil Action File No.
24SC-1548-A

**12-PERSON JURY DEMAND**

COMES NOW Defendant, WALMART INC. and demands a trial by a jury of twelve (12) persons.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorneys for Defendant
WALMART INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **12-PERSON JURY DEMAND** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This the 23 day of August, 2024.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorneys for Defendant
WALMART INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com